## LUCINDA BROWN & others *vs.* LEVERETT SALTONSTALL.

A testatrix, who owned a house in S. with a yard and garden, and also owned several lots of land adjacent to said house and garden, with buildings on them which were held by tenants, made this devise : "I give unto M. my house in S. now occupied by me." *Held*, that M. took none of the land or buildings occupied by tenants at the date of the will. *Held also*, that parol evidence was inadmissible to show that the testatrix intended to devise such land and buildings to M.

THIS was a writ of entry to recover an undivided moiety of certain lots of land in Salem. Both parties claimed as devisees of Elizabeth Williams, whose will (which was dated January 29th 1840, and was prove i and allowed on the 7th of April succeeding,) contained the following clauses : " I give and devise un-

* See Story's Conflict of Laws, (2d. ed.) § 592. *a. & note.* Sergeant on Attachment, *c.* X.

to Benjamin Merrill of Salem, *my house and land in Salem, now occupied by me,* and also all my stock in the Bank of the United States, and all my shares of stock in any bank or insurance company at Boston, and also all my furniture and other chattels that are movable and usually being and kept in my said house and its appurtenances, to have and to hold the same, on the trust, that he, or his successors in said trust, or assigns, shall during the life of my niece Mary Ann, wife of George T. Saunders, allow her to occupy said real estate, or to receive to her sole use the income thereof ; or, if she in writing shall request, may sell and convey, all or any part thereof, and keep the proceeds at interest for her use, and pay her the income thereof ; and to allow her to use, or to sell and turn into money, said chattels or any of them, and to hold the proceeds on interest, and to pay her the net income of all of it ; and after her decease, I give all said property to her issue, or, if she leave none, then to her brothers and sisters, or their issue, as if she had died possessed thereof, and intestate, for their use forever.

" All the residue of my estate, real and personal, I give and devise, one half part to and among the issue of my brother Samuel, and the other half part to and among the issue of my sister Lucinda, in the same shares, as if they had inherited the same from an intestate ancestor, for their use forever."

At the trial before the chief justice, it was shown that Merrill declined to accept the above devise made to him in trust, and that the tenant was duly appointed to the same trust. It was also proved or admitted that the demandants were the children, and all the children, of Mrs. Lucinda Brown, sister of the testatrix.

It appeared that the testatrix, at the time of making her will, and at the time of her decease, occupied a dwellinghouse in Salem, with a yard and garden ; that adjacent to her house and garden were several lots of land, with buildings upon them, on three several streets, owned by the testatrix, and held by tenants ; one by a written lease, the residue under parol agreements. In some instances, the testatrix owned the buildings ; in some, she let the land at a ground rent, and the tenant erected buildings.

It was conceded that the testatrix owned other lots in Salem, some of which were occupied by tenants when her will was made.

The demandants contended that all the lots adjacent to the dwellinghouse, which were in the occupation of tenants, passed by the residuary devise, and not by the devise to the trustee ; but the tenant insisted that all the lots, adjoining the dwellinghouse, passed by the devise to the trustee.

On this point, the jury were instructed, that all the buildings and lots of the testatrix, which, at the time of the date of her will, were in the occupation of tenants, and for which she was receiving rent, whether under a written or parol lease, and whether by a lease for years or at will, passed by the residuary clause, one half to the demandants, and not by the devise to the trustee.    To this the tenant excepted.

In the progress of the cause, the tenant offered evidence to show that the *cestui que trust*, for whose benefit the devise in trust to Merrill was made, was a favorite niece and adopted daughter, now a married woman, towards whom the testatrix had expressed a strong affection ; and for whom she intended to provide, and declared that she had liberally provided — in order to show that the construction, put upon the devise to the trustee, would not conform to her will and intent.

But this evidence was rejected ; and it was ruled that there was no such ambiguity in the will, or in its application to the subject of the devise, as to warrant the introduction of evidence *aliunde* to explain it ; that any evidence tending to show that the devisor intended to include, in this devise, lands or buildings then held by tenants at a rent, whether for years, or at will, with a view to affect the construction of the will, was inadmissible. To this the tenant excepted.

It was left to the jury to find what lands and buildings were in the occupation of tenants, when the will was made, and they returned a verdict for the demandants, setting out and specially describing the land and buildings so held.    If either of the above directions was wrong, the verdict is to be set aside, and a new trial granted.

*N. J. Lord,* for the tenant.

*Ward,* for the demandants.

The opinion of the court was pronounced at April term 1842, by

WILDE, J. The only material question discussed by coun- sel in this case is, whether the parol evidence offered by the tenant's counsel, to explain the will of Elizabeth Williams, was or was not rightly rejected. And we think it very clear, that on the construction of the will, taken in connexion with the facts proved, the instructions to the jury are unexceptionable. The words of the will on which the tenant's claim is founded are, " I give and devise unto Benjamin Merrill of Salem, my house and land in Salem now occupied by me." And it was proved that the testatrix, at the time of making her will, and at the time of her decease, occupied a dwellinghouse in Salem, with a yard and garden, adjacent to which were several lots of land, with buildings upon them, on three several streets, owned by her, but held by tenants. These facts were not controvert- ed, and the instructions to the jury, that the buildings and lots in the occupation of the tenants did not pass by the devise to Merrill, were unquestionably correct. No different instructions could have been given consistently with the language of the de- vise. In no sense could the testatrix be considered to have the occupation of buildings and land in the tenure and possession of others. The main question then to be determined is, wheth- er the parol evidence, offered by the tenant's counsel at the trial, was by the rules of evidence admissible. It is true that where the words of a will, or deed, or other written contract, are doubtful, extraneous facts and circumstances may be proved, in order to show in what sense the words were used. But if the words are clear, and have a definite meaning, no extrinsic evidence, to show a different meaning, can be admitted. Pro- fessor Greenleaf, in his learned and lucid Treatise on the Law of Evidence, § 290, lays down the rule on this question, as it is well supported by the authorities. " Where," he says, " the description in the will, of the person or thing intended, is ap- plicable with legal certainty to each of several subjects, extrin-

sic evidence is admissible to prove which of such subjects was intended by the testator. But if the desciiption of the person or thing be wholly inapplicable to the subject intended, or said to be intended by it, evidence is inadmissible to prove whom or what the testator really intended to describe. His declarations of intention, whether made before or after the making of the will, are alike inadmissible." This rule of evidence appears to us to be very correctly stated, and according to it, it is clear, we think, that the evidence offered to be introduced was rightly excluded. It had no tendency to explain the meaning of the word " occupied." The only evidence, which could have any tendency to prove that the testatrix had any other intention than that which the words of the devise import, was the evi dence of her declarations ; and that very clearly was not admissible. The case of *Jackson* v. *Sill*, 11 Johns. 201, is a very strong authority on this point, as well as on the construction of the will. In that case, the estate devised was " the farm which I now occupy." It was proved that the testator had two farms, one of which he did occupy, and the other was in the tenure of a tenant, under a lease from him ; and it was held that the latter did not pass. Evidence was offered to show the intention of the testator most clearly, and to prove that the scrivener mistook his direction ; but it was ruled that the evidence was inadmissible. Thompson, C. J. said, " it is a clear case of mistake ; but I have searched in vain for some principle that would bear me out, in letting in the evidence offered, and am satisfied the testimony cannot be admitted in a court of law, without violating the wise and salutary provisions of the statute of wills, and breaking down what have been considered the great landmarks of the law on this subject " In these remarks we fully concur ; and they are decisive of the present case.

Nor does the exclusion of the parol evidence affect the case materially ; for if it had been admitted, the instructions to the jury should have been the same that were given, as to the construction of the will. The words of the devise are clear, and the evidence offered was entirely insufficient, to control their obvious meaning.

The case of *Doe* v. *Parkin*, 5 Taunt. 321, & 1 Marsh. 61, is in point, as to the construction of the will. In that case, the testator had devised in these words : " All my messuages in T., now in my occupation." The testator had two messuages in T., of which he occupied only one ; and it was held that only that one passed by the devise. And such is the clear construction of the present will ; and it is not to be controlled by parol evidence, even if it could be made to appear that the construction is not conformable to the intention of the testatrix ; which, however, the evidence excluded had very little tendency to prove. But, however this may be, we think the evidence was not admissible, and that the demandants are entitled to judgment.*

*Judgment on the verdict.*

* See *Den* v. *Bolick*, 1 Iredell, 244.